UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED

NOV 07 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ESTATE OF DELORES WALTERS, TANYA WARD, PADDY AUNGIE, MELANIE TRAVERSIE, and DION HALL and BRADY HALL, | \* | CIV 05-3007 |
| Plaintiffs, | \* | |
| -vs- | \* | ORDER AND OPINION |
| UNITED STATES OF AMERICA, acting through BUREAU OF INDIAN AFFAIRS, DEPARTMENT OF SAFETY, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This action is brought pursuant to the Federal Tort Claims Act ("FTCA"). Four accidents took place on the same stretch of roadway (BIA Route No. 3) on the Cheyenne River Sioux Indian Reservation in the District of South Dakota. The roadway was and is under the supervision of the Bureau of Indian Affairs ("BIA"), United States Department of Interior. The accidents occurred on January 14, April 16, May 6, and June 20, all in 2004. Each accident was a single vehicle accident in which the vehicle left the roadway. This action deals with only the first three accidents.

The United States filed on August 17, 2005, a motion to dismiss the action (Doc. 11), claiming the court lacks jurisdiction over the subject matter. The heart of the motion here is the claimed discretionary function exception to claimed liability under the FTCA. There are allegations by the defendant that each accident was caused by driver error and thus negligence. All vehicles may well have been operated in excess of the posted speed limit of 45 miles per hour. However, for the purpose of the pending motion, the court will assume that the cause of each accident was the roadway itself.

An answer to the motion was required by September 9. A reply brief (Doc. 14) was filed by plaintiffs on September 21 without any reference to the late filing or seeking any additional time. Plaintiffs did not timely respond to the motion as required by D.S.D.LR 7.2 (twenty days plus three days for mailing) or request any additional time. Not until October 7 did plaintiffs seek additional time to respond to the motion (Doc. 21). The court will, notwithstanding the late filings', consider the filings by plaintiffs. Plaintiffs filed a motion (Doc. 22) for "leave to identify expert witness and opinions." Attached to the supporting brief (Doc. 23) is the expert's report and vitae. Attached to the expert opinion is a compilation showing what was done on the road and the dates of various accidents. What was done after May 6, 2004, is not relevant. Nor is the accident of June 20, 2004, involving a non-party. The "beauty" of electronic filing by attorneys is that a party files something immediately for which "leave to file" is being sought at the same time. Thus, a document becomes part of the record without leave of court. Another abuse of the process which the court sees too often is filing an over length brief while seeking leave of court to do so.

BIA regulations clearly provide that roads are maintained subject to the availability of funds. See 25 C.F.R. § 170.6 (2004). Availability of financial resources is a constant struggle in Indian Country. Most functions of the BIA are underfunded. This is not a case where no maintenance was done. What was done is apparently identified in the affidavit of Russell Benoist of the BIA. Doc. 13. Plaintiffs' expert utilizes the maintenance records in reaching his opinion. In other words, there is apparently no argument about what was done on the road and when it was done.

Plaintiffs reference a statement by defendant in another motion that the motion filed was for summary judgment. The pending motion is intended as a motion to dismiss and not a motion for summary judgment. An affidavit is not a pleading. A report from an expert is not a pleading. Therefore, pursuant to Fed.R.Civ.P. 12 (c), the court is required, if the affidavit and the expert report are to be considered, to treat the motion as a motion for summary judgment. This probably makes little practical sense since there is no dispute about what was done on the road and when it was done. Nevertheless, the court is required to follow the rule and the parties should proceed pursuant to Fed.R.Civ.P. 56.

2

Now, therefore,

IT IS ORDERED, as follows:

1) The motion of plaintiffs for leave to identify expert witness and opinions (Doc. 22) is denied as moot. The action sought has already been done.

2) The motion to dismiss (Doc.11) is to be treated as a motion for summary judgment.

3) Defendant shall serve and file the documents as required or permitted by D.S.D.LR 56.1(A) and (B).

4) If the motion is resisted, plaintiffs shall serve and file the required documents pursuant to D.S.D.LR 56.1(C) and in a timely manner.

5) No further briefing is required.

Dated this 7th day of November, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:

JOSEPH HAAS, CLERK

BY: Barbara J. Paepke
DEPUTY
(SEAL)